UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  

For Online Publication Only

-----------------------------------------------------------------------X  
FLAGSTAR FINANCIAL & LEASING, LLC  
f/k/a Signature Financial, LLC,  

                                                                             **ORDER**  
                            Plaintiff,                   24-CV-4039 (JMA)(SIL)

        -against-

EMD SERVICES, INC., ALLSTATE EXPRESS OF IL,  
INC., and DOVIL KANDZEZAUSKAITE,

                            Defendants.  
-----------------------------------------------------------------------X  

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiff Flagstar Financial & Leasing, LLC against Defendants EMD Services, Inc., Allstate Express of IL, Inc., and Dovil Kandzezauskaite (collectively, "Defendants"). Plaintiff alleges breach of contract claims against Defendants. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED and Plaintiff is awarded $295,647.96, jointly and severally, against Defendants.

## I. DISCUSSION

### A. Defendants Defaulted

The record reflects that Defendants were properly served in this action. Defendants, however, have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendants in default.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met for Plaintiff's three claims. Additionally, the Court finds it has subject matter jurisdiction and personal jurisdiction over the Defendants.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

The evidence submitted by Plaintiff—including the certifications of J. Logan Rappaport and David McGowan as well as Plaintiff's supporting documents, (ECF No. 9)—establishes to a reasonable certainty, that Plaintiff is owed:

(i) $66,752.74 on Note 1 through November 12, 2024;

(ii) Per diem interest of $23.27 on Note 1, which results in $6,492.33 in additional interest owed and a total award on Note 1 of $73,245.07;

(iii) $169,943.50 on Note 1 through November 12, 2024;

(iv) Per diem interest of $60 on Note 2, which results in $16,740 in additional interest owed and a total award on Note 2 of $186,683.50;

(v) $29,172.00 in attorney's fees, which the Court finds are reasonable with respect to both hours expended and the rates charged; and

(vi)   $6,547.39 in costs and disbursements.

Accordingly, Plaintiff is awarded $295,647.96, jointly and severally, against Defendants.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to Plaintiff in the amount of $295,647.96.

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated:  August 18, 2025
Central Islip, New York

                                            /s/   (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE